JERRY S. BALLENGER

*v.*

SAMUEL McKEE.

STATUTES OF LIMITATION. The act of February 10th, 1849, created a new bar of five years to an action upon a promissory note. The act of November 5th, 1849, repealed, as to causes of action thereafter to accrue, the act of February, 1849, and made sixteen years the bar. The act of February 17th, 1851, did not affect the act of November, 1849, as to causes of action arising after its passage. A promissory note, given either within or without the State, since the act of November, 1849, went into effect, is only barred by the lapse of sixteen years.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, commenced by McKee, appellee, against Ballenger, appellant, at the August term, 1864, upon a promissory note. The appellant pleaded that "the promissory note sued on, and the cause of action herein, accrued beyond the limits of this State, subsequent to the 17th day of January, A. D. 1851, to wit, on the 16th day of January, A. D. 1856, and that the period of five years has elapsed before the commencement of this suit." To this plea the

plaintiff demurred, and the court sustained the demurrer. The plaintiff had judgment for the amount of his note, $158.59, and the defendant appealed. The only question presented in this court was as to the sufficiency of the foregoing plea.

Messrs. O'MELVENY & GRAY, for the Appellant, relied on the following points and authorities:

1. This action depends upon the construction of the first section of an act of the legislature of the State of Illinois, approved February 10th, 1849, entitled "Limitations." See Purple's Stat., vol. 2, pp. 730, 731.

2. The act of February 10th, 1849, was repealed by the act of November 5th, 1849, so far as it related to causes of action accruing before the passage of the act of the 10th of February, 1849. Purple's Stat., vol. 2, p. 731; also see *Campbell* v. *Harris*, 30 Ill. 399.

3. The act of the 17th of February, 1851, revived the act of the 10th of February, 1849, and excepted from its operation all causes of action, for the barring of which there was a previous statute existing. See *Watts* v. *Kirby*, 15 Ill. 200.

4. The cause of action in this case accrued subsequently to the 17th of February, 1851, which revived the act of the 10th of February, 1849, and there was no statute previous to the statute of 1851 which would operate as a bar to the cause of action in this case. But the revival of the act of the 10th of February, 1849, by the passage of the act of the 17th of February, 1851, created a bar to a recovery in this case within five years after the cause of action accrued. See Purple's Stat., vol. 2, pp. 731, 732; *Campbell* v. *Harris*, 30 Ill. 399.

5. The cause of action in this case accrued beyond the limits of this State, on the 16th day of January, 1856, and the suit was commenced on the 12th day of January, 1864, being more than five years after the cause of action accrued.

For the reasons above stated, and on the strength of the authorities above quoted, the judgment of the court below should be reversed and the cause remanded.

Mr. H. C. GOODNOW, for the Appellee.

The act of February 10th, 1849, requiring all causes of action accruing beyond the limits of this State to be commenced within five years, was repealed by the act of November 5th, 1849, and now limits such actions to sixteen years. See Scates, Treat & Blackwell's Statutes, p. 752 ; also case of *Campbell* v. *Harris*, 30 Ill. 397.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

To an action of assumpsit, brought upon a promissory note, the defendant pleaded that the cause of action accrued beyond the limits of this State, subsequent to the 17th day of January, 1851, to wit, on the 16th day of January, 1856, and that five years had elapsed before the commencement of the suit.   The counsel for the appellant, defendant below, insists in his brief that the act of 1851 revived the act of February 10th, 1849, which created a five years' limitation to suits of this character, and the plea above set forth was framed on that hypothesis. The three acts amendatory of the general limitation law are not very felicitously worded in regard to perspicuity, but we can perceive no ground on which this position can be maintained.   The act of February 10th, 1849, created a new bar of five years to an action upon a promissory note.   The act of November 5th, 1849, repealed, as to causes of action thereafter to accrue, the act of February, 1849, and made sixteen years the bar.   The act of February 17th, 1851, did not repeal the act of November, 1849, or affect it in any way whatever as to causes of action arising after its passage, within which category is the case at bar.   It simply prescribes what shall be the rule in regard to certain causes of action which accrued during the period the act of February, 1849, was in force, and also in regard to certain causes of action which had accrued prior to April 13th, 1849, when the act of February went into operation.   But in all other respects the act of November, 1849, has remained in full force.   Under that law, a promissory note

given since its passage, whether within or without the State, is only barred by the lapse of sixteen years. The plea is manifestly bad, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*